SUSAN KAY PILGER RIGGS,            )
                                   )
        Plaintiff/Appellant,       )
                                   )        Davidson Circuit
                                   )        No.  91D-2188
VS.                                )
                                   )        Appeal No.
                                   )        01A01-9601-CV-00007
JAMES LANDRY RIGGS,                )
                                   )
        Defendant/Appellee.        )

FILED

November 1, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE DAVIDSON CIRCUIT COURT
AT NASHVILLE, TENNESSEE


HONORABLE MURIEL ROBINSON, JUDGE

Fred C.Dance, #7004
DANCE, DANCE & LANE
3200 West End Avenue, Suite 101
Nashville, Tennessee 37203
ATTORNEY FOR PLAINTIFF/APPELLANT


David I. Komisar, #9207
211 Printer's Alley Building
Suite 400
Nashville, Tennessee 37201
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED.**



HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION



CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

| | |
|---|---|
| SUSAN KAY PILGER RIGGS, | ) |
| | ) |
| Plaintiff/Appellant, | ) |
| | ) Davidson Circuit |
| | ) No. 91D-2188 |
| VS. | ) |
| | ) Appeal No. |
| | ) 01A01-9601-CV-00007 |
| JAMES LANDRY RIGGS, | ) |
| | ) |
| Defendant/Appellee. | ) |

# O P I N I O N

The plaintiff/wife has appealed from the judgment of the Trial Court declaring the parties divorced pursuant to T.C.A. § 36-4-129, placing child custody in the wife and awarding child support. The issues on appeal relate only to support.

The parties were married on March 15, 1985. One child, a son, was born on May 15, 1985. On June 7, 1991, the wife sued for divorce, praying for the usual relief, and in addition, enforcement of pendente lite support ordered in a previous divorce suit which was dismissed.

On July 25, 1991, the Trial Court entered an order containing the following:

> At the conclusion of the hearing, having considered the testimony of the parties and the entire record in the cause, the Court finds that an emergency financial situation exists, and that the Complainant, Susan Kay Pilger Riggs, and the minor child of the parties, Jamie Riggs, are entitled to child support and alimony pendente lite pending further orders of the Court.
>
> The Court finds that the Complainant, Susan Kay Pilger Riggs, lacks the present ability to earn income which would support herself and the minor child at this time.
>
> Accordingly, the Court ORDERS that the Respondent, James Landry Riggs, immediately pay the June mortgage payment and late fees representing the indebtedness known as the first mortgage on the parties' home place located at 909 Oak Valley Lane, Nashville, Tennessee. The Respondent is further ORDERED to make payment of $1,263.00 no later than 5:00 p.m. Monday, July 15, 1991 to the mortgage company to pay the mortgage payment

due for the month of July, 1991, and to pay to Susan Riggs the sum of $237.00 for a total July obligation of $1,500.00. The Respondent's obligation to make the mortgage payments described hereinabove shall include any late fees which may have resulted from the untimely payment of the sums due in June and July of 1991.

Thereafter, beginning the month of August, the Respondent shall and is ORDERED to pay direct to Susan Kay Pilger Riggs the sum of $1,500.00 per month. Said payment shall be due and payable no later than the 5th day of each month and from said payment, Susan Kay Pilger Riggs, is ORDERED to pay on a timely basis the first mortgage indebtedness and utility charges accruing on the parties' home place.

Pending further orders of the Court, and in addition to the $1,500.00 cash payable to the Complainant, the Respondent shall maintain health insurance coverage on Mrs. Riggs and the minor child and pay any and all uncovered hospital, medical, doctor or dental expenses pending a final hearing in this cause.

- - -

It is the finding of the Court that <u>all of the payments and obligations set out hereinabove are in the nature of support of the parties' minor child and the Complainant</u>. (Emphasis supplied.)

On November 17, 1994, a petition for contempt was filed in this case on behalf of the wife alleging $36,531.29 delinquency in the $1,500 per month support and failure to provide insurance as ordered.

On January 18, 1995, the wife filed an amended complaint for absolute divorce.

On January 25, 1995, an order was entered by the Trial Court deferring indefinitely action upon the contempt petition filed November 17, 1994.

On April 7, 1995, the wife filed an amended petition for contempt alleging specific unpaid insurance and medical expenses and accumulated unpaid support of $36,531.19, and praying for sentence for contempt, judgement for arrears, lien, wage assignment and attorneys fees.

On April 12, 1995, the husband moved for reduction of support payments.

On April 20, 1995, the Trial Court entered an order providing:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Amended Petition for Contempt shall be dismissed and that <u>no arrearage shall be awarded Wife</u>. (Emphasis supplied.)

The cause was heard on its merits on July 5 & 6, 1995, and, on August 1, 1995, the Trial Court entered an order stating:

> Upon testimony of the parties, their witnesses, consideration of their exhibits and the entire record herein, the court finds as follows:

> This case has been in a state of confusion since 1989. The problem is that Mrs. Riggs married Mr. Riggs when he was in debt, and her expectations and her demands are unrealistic, which is not to say that Mr. Riggs' are too. But it is not as complicated as it seems. This marriage virtually has no assets, but it is a marriage of two professional people that can work. The court further finds that both are capable of making their own way since they are both licensed real estate agents and have been that way for some time.

> The court declares the parties divorced pursuant to T.C.A. §36-4-129 in that <u>both parties have grounds for divorce against the other.</u>

> The court further finds that <u>Mrs. Riggs is capable of rehabilitation and reestablishing herself in the real estate world</u>.

> The court finds that there is no evidence that she is incapacitated in anyway healthwise, and rehabilitative alimony for one year is necessary and that will be payment of $500.00 plus her TennCare insurance premium each month for 12 months. The first payment for the alimony and health care insurance premium pursuant to this final decree will be due for the month of August 1995 and the responsibility for the rehabilitative alimony and TennCare insurance will cease with the payments due July 1996.

> It is, therefore, ORDERED, ADJUDGED, and DECREED that the parties are declared divorced pursuant to TCA § 36-4-129 and each is restored to all the privileges of an unmarried person.

> It is further ORDERED that child support shall be set in the amount of $520.00 per month plus the clerk's lawful commission of $26.00 beginning August 5, 1995 by wage assignment.

It is further ORDERED that James Riggs will pay rehabilitative alimony to Susan Riggs in the amount of $500.00 plus her TennCare insurance premium each month for 12 months. The first payment for the alimony and health care insurance premium pursuant to this final decree will be due for the month of August 1995 on August 5, 1995 and the five hundred dollar alimony payment will be by wage assignment and the responsibility for the rehabilitative alimony and Tenn-Care insurance will cease with the payments due July 5, 1996. After that, any health insurance premium will be the responsibility of Mrs. Riggs.

It is further ORDERED that James Riggs will be responsible for the second mortgage on the property located at 909 Oak Valley Lane as <u>alimony which is necessary for the support of the wife and the child</u> and will be nondischargeable in bankruptcy. Mr. Riggs will pay the second mortgage in a timely fashion. (Emphasis supplied.)

From the foregoing judgment, the wife has appealed and presented five issues.

## ISSUE I

Did the trial court err in forgiving an arrearage in The support payments ordered paid to the Wife?

## ISSUE II

Did the trial court abuse its discretion in forgiving the arrearage in support payments ordered paid to the Wife?

These two issues complain of the single sentence of the June 1, 1995, order quoted above, which dismissed the amended petition for contempt and denied an award for arrearage. No other wording of the order indicates a "forgiveness" of court ordered support.

T.C.A. § 36-5-101(a)(5) does forbid retroactive reduction or "forgiveness" of child support. However, the wife fails to cite and this Court has been unable to find any concrete indication in any order of the Trial Court that any child support was retroactively reduced or forgiven.

As indicated above, child support was not awarded separately from "wife support." The required payments were designated support for wife and child. The record does not reflect any designation of any specified part of the "support" as child support. It is therefore impossible for this Court to ascertain what part of the "support," if any, was forgiven.

The varied and confusing relationship of the parties during the extended lapses in proceedings in this case creates uncertainty as to the reason or reasons why no judgment was awarded for arrears support. For a part of the time, the wife stipulated that support payments were received. Other parts of the time lapse were periods when the parties were living together and the husband was bearing the expenses of the household.

In its convoluted state, the evidence does not support a judgment for arrears support.

## ISSUE III - <u>AMOUNT OF ALIMONY</u>

In its final judgment, quoted above, the Trial Court awarded the wife $500.00 per month rehabilitative alimony and health care insurance for one year only. However, the same judgment requires the husband to pay a second mortgage "as alimony which is necessary for the support of the wife and child." The wife testified that the original amount of the second mortgage was $30,000, but no evidence is cited or found as to the unpaid balance or terms of payments. The record leaves considerable uncertainty as to the amount and duration of alimony.

Equally uncertain are the facts concerning the needs of the wife, her ability to earn money and the ability of the husband to pay. The evidence was sharply in conflict, and the Trial Judge evaluated credibility in reaching conclusions above quoted.

Any conflict in the testimony of witnesses requiring a determination of credibility of witnesses is for the Trial Court and binding on the appellate court unless other real evidence compels a contrary conclusion. *State ex rel Balsinger v. Town of Madisonville*, 222 Tenn. 272, 435 S.W.2d 803 (1968). No such real evidence is cited or found to compel a conclusion contrary to that of the Trial Judge. The evidence does not preponderate otherwise.

In the state of the record, this Court finds the third issue presents no ground for reversal.

### ISSUE IV AND V - <u>CHILD SUPPORT GUIDELINES</u>

At the conclusion of the trial, the following occurred;

> THE COURT: sofar as the child support is concerned, the Court will set the amount of $52 0.00 per month.
>
> BY MR. JABLONSKI: Your Honor please, and I am sorry - - I disagree with his figure. He testified that so far this year he had made $34,000.00 including - - or $37,000.00 including a gift, take that gift out he has made $27,000.00 and that is based on a $54,000.00 year, I would calculate child support at $682.00.
>
> THE COURT: Okay. I have calculated it and I think $520.00 is a more accurate figure. $520.000 per month plus the child's Tenn Care premium, plus all bills not covered by the Tenn Care insurance. If you add that up, he will be over what you suggested. That takes care of the child.

It is seen that counsel for the wife computed support due under the guidelines at $682.00, and the Trial Judge found that $520.00 cash plus heath expenses would amount to as much as $682.00.

In order to reverse this finding, evidence is necessary to show the error in the finding. Such evidence is not cited, and this Court is not under a duty to search the record for uncited

evidence.  Rule 6, Rules of this Court; *Alexander v. Tenn. Farmers Mut. Ins. Co.*, Tenn. App. 1995, 905 S.W.2d 177.

No reversible error is presented by issues IV and V.

The judgment of the Trial Court is affirmed.  Costs of this appeal are taxed against the appellant.  The cause is remanded to the Trial Court for further necessary proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE